UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

**DECISION AND ORDER**
04-CR-330S

TREVOR HARRIS,

                 Defendant.

     1.     Defendant Trevor Harris moves in limine to bar the Government from introducing fingerprint comparison testimony through its proposed expert witness, Linda G. Goldenberg.  Defendant argues that under Rule 16 of the Federal Rules of Criminal Procedure, the Government's disclosure of Ms. Goldenberg's expert examination of the fingerprints at issue is insufficient and requires exclusion.  The Government argues that its disclosure meets the requirements of the rule.

     2.     Rule 16(a)(1) sets forth specific information that the Government is required to disclose to the defendant.  In particular, the rule requires the Government to disclose a written summary of any expert testimony that it expects to introduce at trial.  The summary provided "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  FED. R. CIV. P. 16(a)(1)(G).

     3.     The Government has provided Defendant with a report from Ms. Goldenberg, her notes, the fingerprint examination card that she utilized in her comparison, a color and enlarged copy of the fingerprint examination card, and a supplemental explanation of the methods and procedures Ms. Goldenberg utilized in reaching her conclusions. Defendant maintains that this disclosure is insufficient under Rule 16 and requires exclusion of the

Government's expert.

4.      While this Court does not condone the timing or piecemeal manner of the Government's expert disclosure, this Court finds that it meets the minimum requirements of Rule 16.  The sufficiency of the fingerprint evidence has been an issue since at least April 15, 2005, when this Court granted Defendant the opportunity to obtain an independent examination of the fingerprints.  No formal request was thereafter made for more complete disclosure from the Government.  It was not until after the deadline for filing motions in limine had passed that Defendant made the instant motion requesting exclusion of the Government's expert.

5.      For the reasons stated above, this Court finds that the Government's disclosure meets the minimum requirements of Rule 16.  Moreover, this Court finds that the notice Defendant has had of the Government's expert evidence is sufficient for purposes of enabling Defendant to mount a defense to this evidence.  Defendant can draw out on cross-examination any inadequacies that he believes are present in Ms. Goldenberg's report.  The jury can then determine for itself what weight to give Ms. Goldenberg's testimony.

IT HEREBY IS ORDERED, that the Defendant's Motion in Limine to Exclude the Government's expert is DENIED.

FURTHER, that Defendant is directed to promptly and properly file the Motion in Limine that is the subject of this decision.[1]

SO ORDERED.


Dated:   August 15, 2005
         Buffalo, New York

                                                   /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                   United States District Judge

---

[1]Defendant's counsel mistakenly filed a Motion in Limine from another case on this docket.  (See Docket Nos. 30, 31.)  The correct motion papers were provided in court and still need to be officially filed on the docket.